Fuost, J.
delivered the opinion of the Court.
The order being without date, it was necessary, on the plea of the statute of limitations, to shew at what time it was given. The evidence to shew that it was given within *313 four years before the writ was sued out, was submitted to the jury, who, by the verdict, have negatived the defendant’s plea.
It is clear that if the drawer of a bill or order, from the time of making it to the time when it is due and presented for acceptance, has no funds in the hands of the drawee, prima facie, he is not entitled to notice. If, however, the drawer, not actually having funds in the hands of the drawee, has a reasonable expectation of assets in the hands of the 'drawee, as if the bill were drawn against goods forwarded to meet the draft, or if there were a running account between the parties, and the drawee had before accepted bills .on the general credit of the drawer, then he would be entitled to notice. But this law cannot avail the defendant. Cockrell proved that he never had any funds of Ruff. He had money payable to the executors of Kincaid, of whom the defendant was one; but the order was not drawn by Ruff at executor; nor did it contain any direction to Cockrell to apply that money to its payment. The order would not have discharged Cockrell from the demand of the executors. Ruff could not have had any reasonable expectation, nor, it would seem, any intention, that Cockrell should apply the funds of Kincaid’s estate in payment of his individual liability. The motion for a non-suit was therefore properly refused ; and the motion is dismissed.
Richardson, J. — O’Neall, X — Evans, J. — and Withers, J. — concurred.

Motion refused.